UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-10631 FMO (JPRx) | Date | June 29, 2021 |
|---|---|---|---|
| Title | Delphine Vega v. The American Insurance Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**  (In Chambers) Order Re: Pending Motions and Remanding Action

Having reviewed and considered the briefing filed with respect to plaintiff Delphine Vega's ("plaintiff") Motion for Leave to File Amended Complaint (Dkt. 18, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## INTRODUCTION

Plaintiff filed a Complaint in the San Luis Obispo County Superior Court on September 18, 2020, against defendant The American Insurance Company ("defendant"), asserting claims for: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Exh. A, Complaint at ¶¶ 45-61). Defendant then removed the case to this court on November 20, 2020, solely on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 & 1441(b). (See Dkt. 1, NOR at ¶ 3).

Plaintiff now brings the instant Motion, seeking leave to file a First Amended Complaint ("FAC") to add proposed defendants Fireman's Fund Insurance Company ("FFIC") and Allianz Global Risks US Insurance Company (collectively, the "proposed defendants"). (See Dkt. 18-1, Plaintiff's Memorandum of Points and Authorities [ ] ("Memo") at 1). According to plaintiff, if her Motion were granted, "[r]emand is mandatory" because FFIC is a California citizen, who would thereby destroy complete diversity. (See id. at 16) (formatting omitted).

## LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[1] "[F]ederal courts have concluded that when an

---

[1] Unless otherwise indicated, all statutory references are to Title 28 of the United States Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10631 FMO (JPRx) | Date | June 29, 2021 |
|---|---|---|---|
| Title | Delphine Vega v. The American Insurance Company | | |

amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to § 1447(e)." Dooley v. Grancare, LLC, 2015 WL 6746447, *2 (N.D. Cal. 2015); see Forward-Rossi v. Jaguar Land Rover N.A., LLC, 2016 WL 3396925, *2 (C.D. Cal. 2016) ("Rule 15, however, does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant.") (internal quotation marks omitted). "The language of § 1447(e) is couched in permissive terms[,]" and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court[.]" Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Courts generally consider the following factors when deciding whether to allow an amendment to add non-diverse defendants under 28 U.S.C. § 1447: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), (2) whether the statute of limitations would preclude an original action against the new defendants in state court, (3) whether there has been unexplained delay in requesting joinder, (4) whether joinder is intended solely to defeat federal jurisdiction, (5) whether the claims against the new defendant appear valid, and (6) whether denial of joinder will prejudice the plaintiff." Lima v. Costco Wholesale Corp., 2020 WL 7397150, *2 (C.D. Cal. 2020); Gupta v. Mercedes-Benz USA, LLC, 2020 WL 7423111, *4 (C.D. Cal. 2020) (same); Calderon v. Lowe's Home Ctrs., LLC, 2015 WL 3889289, *3 (C.D. Cal. 2015) (same). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of New York Mellon, 2012 WL 2838957, *4 (N.D. Cal. 2012) (internal quotation marks omitted).

**DISCUSSION**

While plaintiff has not sufficiently shown that the proposed defendants are necessary parties under Fed. R. Civ. P. 19(a), the court is persuaded that she has made an adequate showing with respect to the remaining factors courts consider in determining whether to allow amendment of the operative complaint. See 28 U.S.C. § 1447(e); see, e.g., Galerie Homeowners Ass'n v. Chartis Property Casualty Co., 2012 WL 3112067, *1 (C.D. Cal. 2012) (concluding that joinder was appropriate pursuant to 28 U.S.C. § 1447(e) even where defendants were "likely not necessary parties under Rule 19 and the statute of limitations ha[d] not yet run on the filing of an independent action").

With respect to the second factor of whether the statute of limitations would preclude an original state court action, plaintiff argues that the proposed defendants would "assert the same contractual limitation defense Defendant asserts here[.]" (Dkt. 18-1, Memo at 22); (see id. at 15). Plaintiff contends that defendant asserts an affirmative defense that "Plaintiff's claim for building code upgrade coverage is untimely and barred by contractual and statutory limitation periods[.]" (Id. at 15); (see Dkt 1-4, Exh. D, Defendant's State Court Answer at 3) (asserting contractual and statutory limitations defenses). Plaintiff argues that proposed defendant "FFIC would likely claim the passage of time from the filing of Plaintiff's Complaint to the filing of a new suit in state court bolsters this defense." (Dkt. 18-1, Memo at 22). Defendant does not dispute the potential

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10631 FMO (JPRx) | Date | June 29, 2021 |
|---|---|---|---|
| Title | Delphine Vega v. The American Insurance Company | | |

applicability of this defense by the proposed defendants in a new state court action, (see, generally, Dkt. 22, Defendant's Opposition to Plaintiff's Motion to Amend Complaint ("Opp.")); see Ramirez v. Ghilotti Bros. Inc., 941 F.Supp.2d 1197, 1210 & n. 7 (N.D. Cal. 2013) (collecting cases holding that a party concedes an argument by failing to respond to it), and thus plaintiff has made an adequate showing that this factor weighs in favor of allowing joinder.  See, e.g., Rodd v. Stillwater Ins. Co., 2016 WL 3970862, *2 (D. Ariz. 2016) (finding that "the possibility that the plaintiff's proposed interference with contract claim . . . may be barred if the plaintiff were now forced to file a separate action" weighed in favor of joinder) (citation omitted); IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000) (concluding that "even though a state court action . . . might be possible, requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results") (footnote omitted).

As to the timeliness of plaintiff's Motion, she argues that "[t]here has been no unexplained delay in requesting joinder[.]"  (Dkt. 18-1, Memo at 22) (formatting omitted).  According to plaintiff, she "did not have knowledge of the facts upon which her FAC is based at the time she filed her Complaint" and a "tremendous amount of time, and some money, was necessary to investigate and discover" the facts relating to the contractual relationships between defendant and the proposed defendants.  (See Dkt. 26, Plaintiff's Reply [ ] at 4-5) (formatting omitted).  While defendant emphasizes that plaintiff "waited *over seven months* after filing her Complaint" to seek joinder, (see Dkt. 22, Opp. at 6), such a delay is reasonable given plaintiff's explanation, the fact that "no dispositive motions have been filed in this action, and [because] the parties have not yet engaged in discovery."  Reyes v. FCA US LLC, 2020 WL 7224286, *6 (E.D. Cal. 2020); (see Dkt. 18-1, Memo at 22) ("No discovery has been propounded by either party."); see, e.g., Yang v. Swissport USA, Inc., 2010 WL 2680800, *4 (N.D. Cal. 2010) (joinder under § 1447(e) not untimely when "filed nine months after removal" because "plaintiffs [ ] provided a reasonable explanation for the delay" and "no dispositive motions ha[d] been filed").  This factor weighs in favor of allowing joinder.

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid[,]" Sabag v. FCA US, LLC, 2016 WL 6581154, *6 (C.D. Cal. 2016), and thus the court will address these factors together.  "To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility.  Instead, . . . the Court need only determine whether the claim 'seems' valid."  Dordoni v. FCA US LLC, 2020 WL 6082132, *5 (C.D. Cal. 2020) (internal quotation marks omitted); Sabag, 2016 WL 6581154, at *6 (whether a claim seems valid "is not the same as the standard in either a motion to dismiss or a motion for summary judgment").  Here, plaintiff argues that she has breach of contract and related claims against the proposed defendants on four separate grounds:  (1) primary liability for plaintiff's breach of contract and bad faith claims because the proposed defendants assumed her policy; (2) primary liability based on plaintiff's status as a third-party beneficiary; (3) alter ego/agent liability through defendant's actions; and (4) direct liability for the proposed defendants' own tortious conduct.  (See Dkt. 18-1, Memo at 4-15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10631 FMO (JPRx) | Date | June 29, 2021 |
|---|---|---|---|
| Title | Delphine Vega v. The American Insurance Company | | |

With respect to plaintiff's first basis of liability, she argues that the evidence supports the conclusion that the proposed defendants provided assumption reinsurance to defendant – which would impart primary liability for plaintiff's claims – rather than indemnity reinsurance. (See Dkt. 18-1, Memo at 4-8). "A contract by which a reinsurer assumes the policies of the original insurer does result in the reinsurer being directly liable to the original insureds, but it does not release the original insurer, which remains jointly obligated with the reinsurer[.]" Travelers Indemnity Co. v. Gillespie, 50 Cal.3d 82, 95-96 (1990) (citations omitted). The Ninth Circuit has described assumption reinsurance as follows:

> In an assumption reinsurance transaction, one insurance company, the ceding company or reinsured, transfers certain of its policies to another insurance company, the assuming company or reinsurer. The assuming company steps into the ceding company's shoes – it assumes the statutory reserve liability on the policies; it gains entitlement to all future premiums; and it becomes directly liable to the policy holders.

Oxford Life Ins. Co. v. United States, 790 F.2d 1370, 1372 (9th Cir. 1986). To support her argument, plaintiff cites to policy documents submitted with her pending Motion to Remand which show that defendant ceded "100% of its insurance business" to FFIC and that FFIC "assumed 100% of [defendant's] business generated from underwriting operations." (See Dkt. 18-1, Memo at 7); (Dkt. 13, Exh. 21, Report of Examination of [FFIC] at 240). According to plaintiff, "[b]ecause 100% of Defendant's premium income is transferred to [the proposed defendants], it is not possible to construe [the policy documents] as indemnity reinsurance[.]" (See Dkt. 18-1, Memo at 7). Finally, plaintiff argues that the "other hallmarks of assumed reinsurance are present here [because the proposed defendants] performed the policy obligations owed by Defendant directly to Plaintiff." (Id.).

In response to plaintiff's contentions, defendant argues only that plaintiff has "confuse[d] the issues at bar by recasting the [policy documents] as Assumption Reinsurance." (Dkt. 22, Opp. at 9). Defendant, however, provides no authority which would conclusively preclude plaintiff's theory of liability that the proposed defendants provided assumption reinsurance under California law.[2] (See, generally, id. at 7-10). To the extent defendant challenges plaintiff's ability to prove her theory, defendant misunderstands the relevant standard. See Reyes, 2020 WL 7224286, at *8 ("For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable – the claim need not be plausible nor stated with particular[ity]."). "[T]he question is not whether

---

[2] Defendant's Opposition addresses two of plaintiff's theories together in the same section – her theory of assumption reinsurance and her theory that she is a third-party beneficiary. (See Dkt. 22, Opp. at 7-10). While defendant does provide authority which may rebut plaintiff's theory of her third-party beneficiary status, (see id. at 10), defendant does not cite any authority which conclusively bars plaintiff's theory of assumption reinsurance. (See, generally, id. at 7-9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10631 FMO (JPRx) | Date | June 29, 2021 |
|---|---|---|---|
| Title | Delphine Vega v. The American Insurance Company | | |

plaintiff will prevail on the merits, or even withstand a Rule 12(b)(6) motion – the question is whether California law obviously forecloses plaintiff's claim." Id. at *9 (internal quotation and alteration marks omitted). In short, the court finds that plaintiff has adequately shown a facially valid claim and that her request for joinder is not solely intended to defeat diversity jurisdiction.[3]

Finally, the court is persuaded that plaintiff would be prejudiced because "denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [her] potential claims against [the proposed defendants], while allowing amendment will not prejudice the Defendant[] as discovery has not yet begun." IBC Aviation Servs., Inc., 125 F.Supp.2d at 1013.

In short, plaintiff has met her burden to show allowing amendment of the Complaint is appropriate under the circumstances here. See 28 U.S.C. § 1447(e); Galerie Homeowners Ass'n, 2012 WL 3112067, at *2 (granting motion to amend to add non-diverse defendant despite failure to make showing with respect to some factors). Therefore, this case must be remanded to state court.[4] See Galerie Homeowners Ass'n, 2012 WL 3112067, at *2 ("Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Leave to File Amended Complaint **(Document No. 18)** is **granted**. Plaintiff's Proposed First Amended Complaint **(Document No. 18-2)** is ordered filed.

2. Any pending motion is denied as moot.

3. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Luis Obispo for lack of subject matter jurisdiction pursuant to 28

---

[3] Because plaintiff has shown at least one facially valid claim, the court need not address her other theories of liability. For the sake of clarity, the court reiterates that it need not determine whether plaintiff's new claims will survive dismissal, as that will be a task for the state court. See DeMartini v. DeMartini, 964 F.3d 813, 823 (9th Cir. 2020) ("If the [proposed defendants] should not [be] joined, the courts of the State of California are free to dismiss them.").

[4] No party disputes that allowing amendment to add FFIC as a defendant, who is a California citizen, would destroy diversity – the only basis for federal jurisdiction. (See Dkt. 22, Opp. at 1) ("Joining [FFIC] would defeat diversity because FFIC is a California corporation[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10631 FMO (JPRx)** | Date | **June 29, 2021** |
|---|---|---|---|
| Title | **Delphine Vega v. The American Insurance Company** | | |

U.S.C. § 1447(e).

4. The Clerk shall send a certified copy of this Order to the state court.

                                                                                    00 : 00

Initials of Preparer      gga